IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Marci Patera, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 15 C 50190 |
| vs. | ) | |
| Roy Bartlett, et al., | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

### ORDER

For the reasons stated below, the Citi Defendants' motion [32] is granted on jurisdictional grounds. The claims against defendants CitiBank, N.A. and CitiMortgage, Inc., are dismissed without prejudice for lack of personal jurisdiction. The court relinquishes jurisdiction over the supplemental state law claims against Bartlett and John Does 1-10 and those claims are dismissed without prejudice. Bartlett's motion [28] is denied as moot. This case is terminated.

### STATEMENT-OPINION

Plaintiff, Marci Patera, pro se, brings this action against defendants, Roy Bartlett, CitiBank, N.A. ("CitiBank"), CitiMortgage, Inc. ("CitiMortgage"), and John Does 1-10. The complaint asserts 14 causes of action.[1] Counts I through XII are state law claims. Count XIII claims a violation of the Equal Credit Opportunity Act ("ECOA") (15 U.S.C. 1691 et seq.) and Count XIV claims a violation of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601 et seq.). Counts XIII and XIV are against CitiBank and CitiMortgage only. Subject matter jurisdiction is premised on the court's federal question jurisdiction (28 U.S.C. § 1331) for Counts XIII and XIV and on the court's supplemental jurisdiction (28 U.S.C. § 1367(a)) for Counts I through XII. Bartlett moves [28] to dismiss. CitiBank and CitiMortgage (collectively, "Citi Defendants") also move [32] to dismiss.

The Citi Defendants argue lack of personal jurisdiction, improper venue, violation of Fed. R. Civ. P. 8(a)(2) (pleading must contain "a short and plain statement of the claim") and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

---

[1] For ease of discussion the court will refer to each separately numbered cause of action as a "Count".

1

There are two categories of personal jurisdiction – general and specific. Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 754 (2014). "Specific jurisdiction" exists when the in-state activities of a defendant give rise to the liability sued on. Id. Plaintiff does not contend the court has specific jurisdiction over the Citi Defendants. She argues only that the court has general jurisdiction over them.

"General jurisdiction" over a corporate defendant exists "where a foreign corporation's continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Id. (internal quotation marks and citations omitted.) The "paradigm forums" for the exercise of general jurisdiction over a corporation are its place of incorporation and its principal place of business. Id., at 760. "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." Id. In Daimler, the plaintiffs sought to extend general jurisdiction over a corporation to "every State in which a corporation engages in a substantial, continuous, and systematic course of business." Id., at 761 (internal quotation marks omitted.) The Supreme Court held that formulation of general jurisdiction to be "unacceptably grasping." Id.

In Daimler, plaintiffs brought an action against Daimler AG in California based on activities that occurred in Argentina. Plaintiffs argued general jurisdiction over Daimler existed in California based on the California contacts of an indirect Daimler subsidiary, MBUSA. MBUSA was not incorporated in California nor did it have its principal place of business in California. "MBUSA serves as Daimler's exclusive importer and distributor in the United States, purchasing Mercedes-Benz automobiles from Daimler in Germany, then importing those vehicles, and ultimately distributing them to independent dealerships located throughout the Nation. Although MBUSA's principal place of business is in New Jersey, MBUSA has multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine. . . . MBUSA is the largest supplier of luxury vehicles to the California market. In particular, over 10% of all sales of new vehicles in the United States take place in California, and MBUSA's California sales account for 2.4% of Daimler's worldwide sales." Id., at 752.

Based on these facts the Supreme Court concluded: "Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Id., at 761-62 (internal quotation marks and citation omitted.) MBUSA's contacts therefore were not enough to conclude California had jurisdiction over a suit based on claims "having nothing to do with anything that occurred or had its principal impact in California." Id., at 762.

Likewise, this court does not have general personal jurisdiction over the Citi Defendants. Neither of them is alleged to be incorporated in Illinois nor to have its principal place of business in Illinois. Plaintiff argues she has met the burden of establishing general jurisdiction. She contends "Citibank has employees and offices in Illinois, they operate under Illinois licensing requirements, they solicit Illinois residents, they conduct extensive and deliberate business in Illinois and their regional hub is located in Chicago. Citibank can therefore reasonably expect to be called into Illinois to defend [itself]." None of this alleged activity distinguishes this case from Daimler. None of the alleged activity of the Citi Defendants in Illinois relates to any of the claims asserted by plaintiff.

In Daimler, MBUSA had multiple California-based facilities, including a regional office. It was the largest supplier of luxury vehicles in California. California accounted for 2.4% of Daimler's worldwide sales. These activities did not create general jurisdiction in California. As the Supreme Court noted if those activities were sufficient to allow general jurisdiction, "the same global reach would presumably be available in every other State in which MBUSA's sales are sizable." Id. The activities plaintiff alleges the Citi Defendants conduct in Illinois, if held to be sufficient to confer general jurisdiction, would likewise render the Citi Defendants subject to suit anywhere one of them conducts business. Having employees, complying with state licensing requirements, having a regional office, soliciting and making loans in Illinois does not distinguish the Citi Defendants' activities in Illinois from their activities in every other state where they act similarly. "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporations activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States. Nothing in International Shoe, and its progeny suggests that a particular quantum of local activity should give a State authority over a far larger quantum of . . . activity having no connection to any in-state activity." Id., at 762, n.20 (internal quotation marks and citations omitted.)

Plaintiff has not made any allegations as to the Citi Defendants' "activities in their entirety." She has only made allegations concerning the Citi Defendants' Illinois activities. These allegations are insufficient to make a prima facie showing of general jurisdiction over the Citi Defendants.

Because the court lacks personal jurisdiction over the Citi Defendants, the claims against them must be dismissed. This dismissal is without prejudice to plaintiff bringing these claims in a different court that does have personal jurisdiction over these defendants. Because these claims are dismissed on jurisdictional grounds, the court does not reach the substantive arguments raised in the motion to dismiss.

Since the only federal claims in this case are those in Counts XIII and XIV and those counts are only against the Citi Defendants, the dismissal of the claims against the Citi

Defendants means all of the federal claims in this action are dismissed. This court's subject matter jurisdiction in this case is premised on federal question (28 U.S.C. § 1331) and supplemental (28 U.S.C. § 1367(a)) jurisdiction. "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." Cortezano v. Salin Bank & Trust Co., 680 F.3d 936, 941 (7th Cir. 2012). Accordingly, the court will relinquish jurisdiction over the remaining state law claims against Bartlett and John Does 1-10 and dismiss them without prejudice.

     For the foregoing reasons, the Citi Defendants' motion [32] is granted on jurisdictional grounds. The claims against defendants CitiBank, N.A. and CitiMortgage, Inc., are dismissed without prejudice for lack of personal jurisdiction. The court relinquishes jurisdiction over the supplemental state law claims against Bartlett and John Does 1-10 and those claims are dismissed without prejudice. Bartlett's motion [28] is denied as moot. This case is terminated.

Date: 2/29/2016                        ENTER:

*/s/ Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)